## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE GARY S. KATZMANN

| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., <br><br> *Plaintiff*, <br><br> and <br><br> ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., <br><br> *Plaintiff-Intervenor*, <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant*, <br><br> and <br><br> REBAR TRADE ACTION COALITION, <br><br> *Defendant-Intervenor*. | Court No. 23-00131 |

---

## PLAINTIFF-INTERVENOR ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE AGENCY RECORD PURSUANT TO RULE 56.2

Leah N. Scarpelli
Jessica R. DiPietro
Matthew M. Nolan
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6013
*Counsel for Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S.*

November 13, 2023

**TABLE OF CONTENTS**

**Page**

I.     RULE 56.2 STATEMENT ................................................................................................ 1

II.    ISSUE PRESENTED .................................................................................................... 2

III.   FACTS ......................................................................................................................... 2

IV.   STANDARD OF REVIEW ......................................................................................... 3

V.    ARGUMENT ............................................................................................................... 3

VI.   CONCLUSION ........................................................................................................... 4

**TOA**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States*,
    Consol. Court No. 19-00056, 2020 WL 2613345 (Ct. Int'l Trade May 22,
    2020) ............................................................................................................................3

*Linyi Chengen Imp. & Exp. Co. v. United States*,
    391 F. Supp. 3d 1283 (Ct. Int'l Trade 2019) ...........................................................3

*U.S. Steel Corp. v. United States*,
    348 F. Supp. 3d 1248 (Ct. Int'l Trade 2018) ...........................................................3

**Federal Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i).........................................................................................3

19 U.S.C. § 1671d(c)(5)(A)(i) .........................................................................................4

19 U.S.C. § 1673d(c)(5)(A) .............................................................................................3

**Administrative Determinations**

*Steel Concrete Reinforcing Bar From the Republic of Turkey*, 88 Fed. Reg. 34129
    (Dep't Commerce May 26, 2023) (final CVD results & partial rescission;
    2020), and accompanying Issues and Decision Memorandum.............................2, 3

| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S., | ) ) ) |
| Plaintiff-Intervenor, | ) Court No. 23-00131 ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| REBAR TRADE ACTION COALITION, | ) ) |
| Defendant-Intervenor. | ) ) ) |

## PLAINTIFF-INTERVENOR ICDAS CELIK ENERJI TERSANE VE ULASIM SANAYI, A.S.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE AGENCY RECORD PURSUANT TO RULE 56.2

### I.    RULE 56.2 STATEMENT

Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade,

Plaintiff-Intervenor Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S. ("Icdas"), a foreign

manufacturer and foreign exporter of steel concrete reinforcing bar ("rebar") from Turkey,

hereby submits this memorandum of points and authorities in support of its motion for judgment

on the agency record and challenges the final affirmative determination as set forth below.

This is an appeal from the final results in the 2020 administrative review of the countervailing duty order on steel concrete reinforcing bar from Turkey. Commerce's final results were published in the *Federal Register* on May 26, 2023. *Steel Concrete Reinforcing Bar From the Republic of Turkey*, 88 Fed. Reg. 34129 (Dep't Commerce May 26, 2023) (final CVD results & partial rescission; 2020) ("*Final Results*"), P.R. 156, ECF No. 26-5. Commerce's factual and legal conclusions underlying the Final CVD Results are set forth in its Issues and Decision Memorandum. Memorandum from J. Maeder to L. Wang, re: Issues and Decision Memorandum for the Final Results of the Countervailing Duty Administrative Review of Steel Concrete Reinforcing Bar from Turkey (May 23, 2023) ("*Final IDM*"), P.R. 152, ECF No. 26-4.

## II. ISSUE PRESENTED

1. Whether the Department of Commerce Should Recalculate Icdas's Assigned Subsidy Rate If Kaptan's Rate Changes Pursuant to Litigation.

To the extent that Commerce recalculates the rates assigned to Kaptan Demir Celik Endustrisi ve Ticaret A.S. ("Kaptan") as a result of this litigation, it must redetermine the countervailable subsidy rate for Icdas in accordance with the statute.

## III. FACTS

Icdas is a foreign producer of steel concrete reinforcing bar from the Republic of Turkey. Icdas filed a request for an administrative review on November 29, 2021. *See* Icdas's Request for CVD Administrative Review (2020 POR) (Nov. 29, 2021), P.R. 3. Icdas filed comments concerning the release of U.S. Customs and Border Protection Entry Data ("CBP Data") on January 11, 2022 and additional comments on February 23, 2022. *See* Icdas's Comments on CBP Data and Respondent Selection (2020 Administrative Review) (Jan. 11, 2023), C.R. 3, P.R. 21, and Icdas's Comments on CBP Data and Respondent Selection (2020 Administrative Review) (Feb. 23, 2022), C.R. 8, P.R. 31. On March 22, 2022, Commerce designated both Kaptan and

Colakoglu Metalurji A.S. and Colakoglu Dis Ticaret A.S. ("Colakoglu") as mandatory respondents. Memorandum from B. Jeffries to A. Villanueva, re: Respondent Selection (Mar. 21, 2022) ("Respondent Selection Memo"), C.R. 10, P.R. 36. On May 22, 2023, Commerce published its final results in which Icdas was subject to the 2.15% all others' rate. *Final Results*, 86 Fed. Reg. at 53280, P.R. 156, ECF No. 26-5.

## IV. STANDARD OF REVIEW

This Court "shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## V. ARGUMENT

Icdas hereby adopts and incorporates by reference the arguments as filed by Plaintiff Kaptan, *i.e.*, challenges to Commerce's determination of specificity for exemptions from Turkey's Bank and Insurance Transactions Tax and to Commerce's benchmark selection, to the extent Kaptan's challenge will impact the determination of the all-others' rate.

To the extent that Commerce recalculates Kaptan's rate as a result of this litigation, it must redetermine the "all-others" rate applied to Icdas in accordance with the statute. *Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v. United States*, Consol. Court No. 19-00056, 2020 WL 2613345, at *5 (Ct. Int'l Trade May 22, 2020) ("Pursuant to 19 U.S.C. § 1673d(c)(5)(A), Commerce may set the all-others rate when a 'mandatory respondent{'s} rate{} change{s} in the course of judicial review{.}'") (quoting *U.S. Steel Corp. v. United States*, 348 F. Supp. 3d 1248, 1254 (Ct. Int'l Trade 2018)); *Linyi Chengen Imp. & Exp. Co. v. United States*, 391 F. Supp. 3d 1283, 1297 (Ct. Int'l Trade 2019) ("Because the court remands the *Final Determination* with respect to Commerce's calculation of {respondent's} rate, as stated above, the court grants the

Separate Rate Respondents' Rule 56.2 motions for judgment on the agency record. . . . {and} Commerce is instructed on remand to reconsider the rate applied to the Separate Rate Respondents based on any changes to {respondent's} margin on remand."); *see also* 19 U.S.C. § 1671d(c)(5)(A)(i) ("{T}he all-others rate shall be an amount equal to the weighted average countervailable subsidy rates established for exporters and producers individually investigated, excluding any zero and de minimis countervailable subsidy rates," or margins based entirely on facts available). Icdas incorporates by reference the arguments made by Kaptan, to the extent those arguments impact the all-others' rate.  Icdas reserves the right to comment further on the all-others' rate if the rates for the mandatory respondent or the all-others' rate are recalculated on remand based on this litigation.

## VI.    CONCLUSION

For the foregoing reasons, Icdas respectfully requests that the Court grant this Motion for Judgment on the Agency Record, to the extent that the rates for the mandatory respondents change as a result of this litigation.

Respectfully submitted,

**/s/ Jessica R. DiPietro**
Leah N. Scarpelli
Jessica R. DiPietro
Matthew M. Nolan
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006
Tel: (202) 350-3622

*Counsel for Counsel for Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S.*

November 13, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to the Court's Standard Chamber Procedure 2(b)(1), the undersigned certifies that Plaintiff-Intervenor's Brief in Support for Its 56.2 Motion for Judgment on the Agency Record filed on November 13, 2023 complies with the word limitation requirement. The word count for Icdas's Brief, as computed by ArentFox Schiff LLP's word processing system is 834.

**/s/ Jessica R. DiPietro**
Jessica R. DiPietro

*Counsel for Counsel for Icdas Celik Enerji Tersane ve Ulasim Sanayi A.S.*