IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S.,<br><br>    Plaintiff,<br> and<br><br>ICDAS CELIK ENERJI TERSANE VE USLASIM SANAYI, A.S.,<br><br>    Plaintiff-Intervenor,<br> v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br> and<br><br>REBAR TRADE ACTION COALITION,<br><br>    Defendant-Intervenor. | Before: Hon. Gary S. Katzmann,<br>    Judge<br><br>Court No. 23-00131<br><br>NON-CONFIDENTIAL VERSION<br><br>Business Proprietary Information Removed from Page 3 |

## DEFENDANT-INTERVENOR REBAR TRADE ACTION COALITION'S COMMENTS IN OPPOSITION TO REMAND DETERMINATION

Alan H. Price, Esq.
John R. Shane, Esq.
Maureen E. Thorson, Esq.
Stephanie M. Bell, Esq.
Stephen A. Morrison, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for the Rebar Trade Action Coalition*

Dated: February 20, 2025

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................. 1
II.  BACKGROUND .................................................................................................. 1
     A.   The Court's Remand ................................................................................. 1
     B.   The Remand Proceedings ..........................................................................2
III. COMMERCE ERRED IN FINDING THAT THE BITT EXEMPTION
     PROGRAM WAS NEITHER *DE JURE* NOR *DE FACTO* SPECIFIC ............................ 4
     A.   Commerce's Determination That the BITT Program is not *De Jure*
          Specific is Not Supported By Substantial Evidence ................................. 4
     B.   Commerce Erred in Determining that the BITT Program is not *De
          Facto* Specific ........................................................................................... 6
IV.  CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Kaptan Demir Celik Endustrisi ve Ticaret A.S. v. United States,*
　　736 F. Supp. 3d 1318 (Ct. Int'l Trade 2024) ..................................................................1

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,*
　　463 U.S. 29 (1983) ..........................................................................................................9

*Nippon Steel Corp. v. United States,*
　　337 F.3d 1373 (Fed. Cir. 2003) ....................................................................................8, 9

*Timken U.S. Corp. v. United States,*
　　421 F.3d 1350 (Fed. Cir. 2005) ........................................................................................5

**Statutes**

19 U.S.C. § 1677(5A)(D)(i) ....................................................................................................1

19 U.S.C. § 1677(5A)(D)(iii) ..........................................................................................1, 6, 7

19 U.S.C. § 1677e(a)(2) ..........................................................................................................7

19 U.S.C § 1677e(b)(1) ...........................................................................................................8

19 U.S.C. § 1677f(i) ................................................................................................................5

**Administrative Materials**

*Raw Honey from Argentina,*
　　87 Fed. Reg. 22,179 (Dep't Commerce Apr. 14, 2022) ..................................................9

*Steel Concrete Reinforcing Bar From the Republic of Turkey,*
　　88 Fed. Reg. 34,129 (Dep't Commerce May 26, 2023) .................................................5

I. **INTRODUCTION**

On behalf of Defendant-Intervenor the Rebar Trade Action Coalition ("RTAC"), we respectfully submit the following comments in opposition to the U.S. Department of Commerce's ("Commerce") final remand determination. *See* Final Results of Redetermination, *Kaptan Demir Celik Endustrisi ve Ticaret A.S., et al. v. United States*, Court No. 23-00131; Slip Op. 24-116 (CIT Oct. 21, 2024) (Jan. 21, 2025), ECF No. 53-1 ("Remand Results"). Commerce's Remand Results were filed in response to the Court's order in *Kaptan Demir Celik Endustrisi ve Ticaret A.S. v. United States*, 736 F. Supp. 3d 1318 (Ct. Int'l Trade 2024).

II. **BACKGROUND**

　　A.　**The Court's Remand**

Plaintiff Kaptan Demir Celik Endustrisi ve Ticaret A.S. ("Kaptan") appealed Commerce's final determination in the 2020 administrative review of the countervailing duty order on *Steel Concrete Reinforcing Bar from Turkey*, *see Steel Concrete Reinforcing Bar From the Republic of Turkey*, 88 Fed. Reg. 34,129 (Dep't Commerce May 26, 2023) (final results of countervailing duty admin. rev. and rescission, in part; 2020) ("*Final Results*"), challenging, *inter alia*, Commerce's determination that exemptions from the Bank and Insurance Transactions Tax ("BITT") were *de jure* specific under 19 U.S.C. § 1677(5A)(D)(i). *See Kaptan*, 736 F. Supp. 3d at 1326-30. The Court remanded Commerce's determination that the BITT was *de jure* specific, with directions to further explain that determination or consider whether record evidence supported a determination of *de facto* specificity under 19 U.S.C. § 1677(5A)(D)(iii). *See id.* at 1329-30.

B.     **The Remand Proceedings**

Following the Court's remand, Commerce issued a supplemental questionnaire to the Government of Turkey ("GOT") regarding the BITT's *de facto* specificity. Remand Results at 10. The supplemental questionnaire requested that the GOT provide the following information:

- The amount of assistance approved for each mandatory respondent;
- The total amount of assistance provided for all companies under the program;
- The total amount of assistance approved for the largest 50 recipients of BITT exemptions;
- The total number of companies approved for assistance under the program;
- The total number of companies operating or established in Turkey;
- The total number of corporate and/or business income tax filers in Turkey;
- A complete listing of the industries operating in Turkey;
- The total amount of assistance approved for the industry in which the mandatory respondents operate, as well as the totals for every other industry in which companies were approved for assistance under the BITT exemption program; and
- The total number of companies that applied for, but were denied assistance under this program.

*See* Letter from Republic of Türkiye, Ministry of Trade, to Sec'y Commerce, re: *Response of the Government of Türkiye to the Supplemental Questionnaire in 2020 Administrative Review of the Countervailing Duty Order on Steel Concrete Reinforcing Bar from Türkiye* (Nov. 15, 2024) at 1-4, C.R.R. 1-4, P.R.R. 5-8 ("BITT Specificity SQR").[1]

The GOT failed to provide substantive answers to these questions, instead stating either that it "ha{d} no information" to provide or characterizing the questions as "not applicable." *See id.* Rather, the GOT provided a brief description of the BIT program, and the grand totals for the exchange base (*i.e.*, the amount of currency exchanged) and exchange tax. *Id.* at 1-2, 5. The GOT

---

[1]     The administrative record associated with the Remand Results is divided into a Public Remand Record (P.R.R.), ECF No. 26-1 and a Confidential Remand Record ("C.R.R."), ECF No. 26-2. The administrative record associated with the *Final Results* is divided into a public Record ("P.R."), ECF No. 55-1, and a Confidential Record ("C.R."), ECF No. 55-2.

then claimed that because approximately [      ] of transactions which would otherwise be subject to the BITT were exempted from payment of the BITT during the period of review ("POR"), the exemption was "broadly available and widely used throughout the economy." *Id.* at 5. Additionally, because Kaptan claimed that it could have qualified for BITT exemptions by reason of possessing an industrial registry certification ("IRC"),[2] the GOT also provided a list of the top 20 industries, by percentage, that had obtained IRCs in Turkey. *See id.* at Exhibit 3. The GOT stated that this list supported its claim that the program was not specific because all companies with an IRC were exempt from the BITT and, thus, the exemption was broadly available and widely used throughout the Turkish economy. *Id.* at 4.

In the Remand Results, Commerce determined that exemptions from the BITT were not specific as a matter of law, dismissing RTAC's arguments to the contrary as relying on "the same reasoning Commerce relied on in the underlying *Final Results*." Remand Results at 25. With respect to *de facto* specificity, Commerce noted that the GOT failed to answer many of its questions, requiring resort to the facts available. *Id.* at 10. Nonetheless, Commerce found that the program was not *de facto* specific based on the sparse information the GOT provided. *See id.* at 10-12.

---

[2]   While reporting that it could have qualified for the program in this manner, Kaptan reported having actually qualified for the program by reason of its membership in an exporters' association. Letter from Law Offices of David L. Simon, PLLC to Sec'y Commerce, re: *Steel Concrete Reinforcing Bar from Turkey; Kaptan Initial Questionnaire Response* (May 16, 2022) at 52, C.R. 26-48, P.R. 48.

III. **COMMERCE ERRED IN FINDING THAT THE BITT EXEMPTION PROGRAM WAS NEITHER *DE JURE* NOR *DE FACTO* SPECIFIC**

   A. **Commerce's Determination on Remand That the BITT Program is Not *De Jure* Specific is Not Adequately Explained or Supported**

In its pre-remand brief, RTAC detailed why the record supported Commerce's original determination that the BITT exemption program is *de jure* specific. *See* Confid. Def.-Intervenors' Resp. Br. (Jan. 29, 2024), ECF No. 31. RTAC recognizes that this Court found otherwise in remanding the original determination. Nonetheless, RTAC continues to assert that the original determination comported with the standard of review, as explained in its pre-remand brief and comments on the agency's draft remand results. In particular, Turkish law explicitly limits exemptions from the BITT to companies that satisfy at least one of certain identified conditions. *See* Remand Results at 3. These statutory conditions confirm that the exemption is limited to the firms that conduct foreign operations requiring legitimate, non-speculative foreign currency transactions. By extension, no companies other than those conducting a specific subset of foreign exchange transactions are allowed to receive benefits under the BITT program. These explicit limitations on qualifying for an exemption from payment of the BITT make the program specific as a matter of law.

In any event, further remand is required on this issue because the agency has not adequately explained or supported its new view that the BITT exemption program is not *de jure* specific. In particular, Commerce failed to adequately address RTAC's arguments regarding *de jure* specificity, dismissing them as "the same reasoning Commerce relied on in the underlying *Final Results*," which the Court previously rejected. *Id.* at 25. Commerce, however, has misconstrued and mischaracterized RTAC's claims on remand. As such, further remand is required so that the agency can properly address RTAC's claims.

On remand, RTAC argued that Commerce should use facts available to determine that BITT exemptions are *de jure* specific. *See* Letter from Wiley Rein LLP to Sec'y Commerce, re: *Steel Concrete Reinforcing Bar from Turkey Remand Slip Op. 24-116: Comments on Draft Results of Redetermination Pursuant to Court Remand* (Dec. 27, 2024) at 3-6, C.R.R. 6, P.R.R. 18 ("RTAC Remand Case Br."). While the Court remanded Commerce's original determination that the BITT was *de jure* specific for further consideration, Commerce did not apply the facts available to determine that BITT exemptions were specific in reaching this determination. *See* Issues and Decision Memorandum accompanying *Steel Concrete Reinforcing Bar From the Republic of Turkey*, 88 Fed. Reg. 34,129 (Dep't Commerce May 26, 2023) (final results of countervailing duty admin. rev. and rescission, in part; 2020) at 11-12, P.R. 152.

On remand, RTAC argued that because of the GOT's failure to specify the parameters of how it defines an "industrial establishment" or identify or explain the criteria under which it granted or denied IRCs to applicants, Commerce should rely on the facts available to determine that BITT exemptions are *de jure* specific. *See* RTAC Remand Case Br. at 4-6. RTAC argued that because the GOT failed to provide sufficient information on the record to determine which companies in Turkey must obtain an IRC, the agency was required to look at other record information, including information regarding the number and types of industries that actually obtained an IRC, to fill the record gap. *Id.* While this kind of information may most typically be used in in considering whether a subsidy is *de facto* specific, that does not mean that it is necessarily irrelevant to the *de jure* analysis, particularly where other information relevant to such an analysis (such as the GOT's direct identification of the definition of "industrial establishment" or the criteria upon which IRCs are granted or denied) is unavailable.

Given the situation here, the data that the GOT provided regarding the industries whose members obtained IRCs should have logically informed the agency's *de jure* analysis. Specifically, it should have been used as part of the "facts available." At the very least, Commerce should have squarely confronted RTAC's argument to this effect, rather than dismissing it out of hand. After all, in countervailing duty proceedings, Commerce is required to "address relevant arguments," including those "material to the agency's determination." *Timken U.S. Corp. v. United States*, 421 F.3d 1350, 1354 (Fed. Cir. 2005); *see also* 19 U.S.C. § 1677f(i). Commerce's failure to address RTAC's argument renders its remand determination unsupported by substantial evidence and not in accordance with law, and must be remanded to the agency for further explanation.

B.   **Commerce Erred in Determining that the BITT Program is not *De Facto* Specific**

Commerce also erred in finding that the BITT exemption program was not *de facto* specific pursuant to 19 U.S.C. § 1677(5A)(D)(iii).

On remand, Commerce issued the GOT a supplemental questionnaire to solicit information on whether the BITT exemption program was *de facto* specific. *See* BITT Specificity SQR. The GOT responded that it was unable to provide information regarding the number of companies that received exemptions, the total amount of exemptions received by industry, or amounts that the largest beneficiaries of the BITT exemption program received. *Id.* at 1-4. Instead, the GOT provided general information concerning the operation of the program, figures for the total amount of foreign currency exchanges made during the POR and the total amount of BITT collected, and an estimated percentage of foreign exchange transactions that were exempted from the BITT. *Id.* at 1-2, 5.

Pursuant to 19 U.S.C. § 1677(5A)(D)(iii), a subsidy is specific as a matter of fact if one or more of the following factors exists:

> (I) The actual recipients of the subsidy, whether considered on an enterprise or industry basis, are limited in number;
>
> (II) An enterprise or industry is a predominant user of the subsidy;
>
> (III) An enterprise or industry receives a disproportionately large amount of the subsidy; or
>
> (IV) The manner in which the authority providing the subsidy has exercised discretion in the decision to grant the subsidy indicates that an enterprise or industry is favored over others.

19 U.S.C. § 1677(5A)(D)(iii). The statute does not require that all of these factors be present—if only one factor exists, the subsidy is *de facto* specific.

In other words, the statute calls upon Commerce to examine the record as to each factor, and reach a conclusion grounded in the record evidence. But here, Commerce did not do so, citing the GOT's deficient response and the "insufficient time" provided by the remand process. Remand Results at 10-12. Underscoring its failure to conduct the required analysis, the agency stated that it would examine the issue anew in future reviews in which it "has additional time to issue questionnaires and review subsequent responses." *Id.* at 12. But here, Commerce simply declined to conduct the analysis required by the statute, citing a lack of record evidence that was at least partially of its own making. Specifically, even while recognizing that the record lacked evidence that could have been obtained through additional questionnaires, the agency declined to issue such questionnaires, or to take steps – such as requesting more time for the remand proceedings – necessary to obtain such evidence and thus to appropriately fulfill the Court's remand order that it conduct a *de facto* analysis.

The agency's decision not to apply adverse facts available to the GOT is also inadequately explained and supported. The Tariff Act of 1930, as amended, requires Commerce to rely on facts otherwise available when a respondent or responding government (1) withholds information

requested by Commerce; (2) fails to provide information in a timely manner or in the form requested; (3) significantly impedes a proceeding; or (4) provides information that cannot be verified. 19 U.S.C. § 1677e(a)(2). In relying on the facts available, Commerce "may use an inference that is adverse to the interests" of the party providing deficient information if the party "has failed to cooperate by not acting to the best of its ability to comply with a request for information." *Id.* § 1677e(b)(1). The "best of its ability" standard "assumes that {respondents} are familiar with the rules and regulations" and "does {not} require findings of motivation or intent." *Nippon Steel Corp. v. United States*, 337 F.3d 1373, 1382-83 (Fed. Cir. 2003). Rather, Commerce must only find that (i) "a reasonable and responsible {respondent} would have known the requested information was required to be kept and maintained under the applicable statutes, rules, and regulations"; and (ii) that the respondent under investigation has failed to cooperate by either "failing to keep and maintain all required records, or . . . failing to put forth its maximum efforts to investigate and obtain the requested information . . . ." *Id.*

Commerce here concluded that adverse inferences were not merited because there was "no reasonable basis to conclude that the GOT withheld information that has been requested by Commerce." Remand Results at 11. But this conclusion makes no sense given the GOT's refusal to answer Commerce's questions regarding the total number of companies and/or taxpayers in Turkey, or to provide a listing of the industries that operate in Turkey, all of which were necessary to determine whether the BITT exemptions were broadly used, or whether its use was limited to a narrower subset of firms or industries. BITT Specificity SQR at 2-4. Crucially, the GOT did not state that it lacked access to such information or did not collect such information—it simply determined that these requests for information were "not applicable." *Id.* at 3.

Furthermore, with respect to the questions for which the GOT explained that it had "no information," the GOT failed to show that it even attempted to request this information from the banks or other parties that may have had access to the relevant information. Regardless of whether the GOT has the authority to require or coerce banks to provide this information, it is clear that the GOT did not cooperate to the best of its ability as it refused without explanation to provide responses to some of Commerce's specificity questions while making no attempt to collect information with respect to other questions. While a respondent does not have to be perfect in its responses, the statutory requirement to respond to "the best of its ability" requires the GOT to do the maximum it is able to do. *Nippon Steel*, 337 F.3d at 1382.

RTAC notes that Commerce regularly requests information that can only be obtained from non-respondent parties. For example, in many agricultural antidumping cases, Commerce asks for cost of production information for subject merchandise from the ultimate manufacturer of the good. *See, e.g.*, Issues and Decision Memorandum accompanying *Raw Honey from Argentina*, 87 Fed. Reg. 22,179 (Dep't Commerce Apr. 14, 2022) (final deter. of sales at less than fair value and final affirm. deter. of critical circumstances) at 8-14. Respondents must then work with these parties to obtain the information necessary for Commerce to complete its investigation. In refusing to respond to questions and failing to attempt to gather requested information, it is clear that the GOT has not done "the maximum it is able to do." *Nippon Steel*, 337 F.3d at 1382. Tellingly, the GOT has not asserted that it lacks the authority to request the information that Commerce sought. BITT Specificity SQR at 1-5. Indeed, it conceded that the minimal information it did provide was obtained from "declarations filed by financial institutions which are the taxpayers of BITT." *Id.* at 5.

Commerce's remand results, however, do not consider or address any of this, although it goes to "an important aspect of the problem" before it. *See Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The remand results accordingly do not adequately explain or support the conclusion that the GOT has not withheld information or otherwise triggered the circumstances that would support resort to an adverse inference to plug the gaps in the record. Further remand is accordingly required so that the agency can properly perform a *de facto* analysis—inclusive of requesting additional information—or at the very least explain and support its treatment of the limited record before it.

## IV. CONCLUSION

For these reasons, RTAC requests that the Court find Commerce's determination that the BITT exemption program is neither *de jure* nor *de facto* specific as unsupported by substantial evidence, and remand this issue to Commerce for further consideration.

Respectfully submitted:

/s/ John R. Shane

Alan H. Price, Esq.
John R. Shane, Esq.
Maureen E. Thorson, Esq.
Stephanie M. Bell, Esq.
Stephen A. Morrison, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to the Rebar Trade Action Coalition*

Dated: February 20, 2025

CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(1), the undersigned certifies that these comments complies with the word limitation requirement. The word count for Defendant-Intervenor Rebar Trade Action Coalition's Comments in Opposition to Remand Determination, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 2,908 words.

/s/ *John R. Shane*
(Signature of Attorney)

John R. Shane
(Name of Attorney)

The Rebar Trade Action Coalition
(Representative Of)

February 20, 2025
(Date)